**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2035
_____

STANLEY ARISTILDE,

Appellant

v.

JANE DOE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:25-cv-01514)
District Judge:  Honorable Joseph F. Leeson, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 7, 2025

Before:  KRAUSE, RESTREPO, and PORTER, <u>Circuit Judges</u>

(Opinion filed:  December 3, 2025)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Stanley Aristilde appeals from an order dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B). We will affirm.

Aristilde initiated this action by filing pro se a bundle of police complaint forms and other documents. These documents refer largely to one of his neighbors whom he accused of hacking and "weaponizing" his electronic devices and appliances in order to surveil and control him. He did not pay the filing fee for a civil action. The District Court directed Aristilde, if he wished to proceed with a civil action, to (1) either pay the fee or file a motion to proceed in forma pauperis, and (2) file a proper complaint. The court further explained what information a proper complaint must contain, and it provided him with the court's standard form complaint for pro se litigants.

Aristilde filed a motion to proceed IFP but not a proper complaint. Instead, he filed several other documents including another bundle of documents at ECF No. 13 that were similar to those he initially filed. The District Court then granted Aristilde leave to proceed IFP, treated the filing at ECF No. 13 as his complaint, and dismissed it under § 1915(e)(2)(B)(i) and (ii) on the grounds that it was frivolous and failed to state a claim on which relief could be granted. The court did so with prejudice because it concluded that amendment would be futile.

Aristilde appeals, and we have jurisdiction under 28 U.S.C. § 1291.[1] We exercise plenary review over the dismissal of his complaint, see Dooley v. Wetzel, 957 F.3d 366,

[1] After the District Court dismissed Aristilde's complaint, he filed several more documents that the court docketed as exhibits. We do not construe any of them as a motion under Fed. R. Civ. P. 59(e) that would suspend the finality of the court's order, and they do not otherwise appear to require the court's further attention.

373-74 (3d Cir. 2020), and we review the denial of leave to amend for abuse of discretion, see id. at 376.[2]

We discern no error or abuse of discretion in this case. Having carefully reviewed the record, we agree that Aristilde has not asserted any discernible actionable claim. Nor do his numerous filings in the District Court and this Court suggest that he could have asserted any such claim if given another chance. Instead, the only specific ruling that Aristilde challenges in his brief is the District Court's direction that its Clerk amend the docket to add as the defendant Jane Doe, which is how he referred to his neighbor.[3] Aristilde apparently believes that the District Court should have identified as defendants various other individuals and entities (including Microsoft, Apple and Warren Buffet), but he did not actually name any defendant and we otherwise see no error in this regard.

Aristilde's brief and other filings on appeal also raise apparently unrelated matters, including an apparent eviction (as to which he appears to have had legal counsel) and the loss of his driving privileges. Those alleged events apparently occurred after the District Court dismissed Aristilde's complaint and thus do not undermine the court's ruling.

---

[2] To the extent that the District Court based its dismissal as frivolous on its assessment of Aristilde's factual allegations, we arguably review that issue for abuse of discretion as well. See Ball v. Famiglio, 726 F.3d 448, 462 & n.18 (3d Cir. 2013), abrogated in part on other grounds by Coleman v. Tollefson, 575 U.S. 532 (2015); cf. Dooley, 957 F.3d at 373 n.2, 374 (applying plenary review to a ruling that a complaint was "frivolous under the law"). We need not address that issue further because our decision would be the same under any standard of review.

[3] Aristilde actually referred to her as "Jane Joe" (ECF No. 13 at 2), but he does not claim that Jane Joe is her name rather than a placeholder.

Nevertheless, our ruling is without prejudice to Aristilde's ability to file a separate and proper complaint on these matters with a proper court in the future. We express no opinion on these issues.

For these reasons, we will affirm the judgment of the District Court. Aristilde's motions and requests for relief in this Court are denied.